```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON J. PALMER              :         CIVIL ACTION
                               :
     v.                        :
                               :
MICHAEL J. ASTRUE              :         NO. 08-1823
```

ORDER

AND NOW, this 7th day of May, 2009, upon consideration of the Honorable Carol Sandra Moore Wells Report and Recommendation (docket entry #17), plaintiff's[1] objections to the Report, the administrative record, and the Court finding that:

(a) Judge Wells recommends that we grant in part and deny in part plaintiff's request for review, and remand the case so that the Administrative Law Judge ("ALJ") can reconsider Palmer's residual functional capacity in light of the specific environmental restrictions set by Dr. Wilbert Warren, and submit the appropriate hypothetical question to the vocational expert;

(b) Despite the recommendation in his favor, plaintiff objects to certain parts of the recommendation; he contends that Judge Wells erred by (1) upholding the ALJ's rejection of the opinion of Dr. Kanoff, Diana Palmer's neurosurgeon, and (2) upholding the ALJ's adverse credibility determination of Diana

---

[1] The original plaintiff, Diana L. Palmer, passed away and was her son, Brandon J. Palmer, was substituted as plaintiff.

Palmer's testimony;[2]

       (c)  The plaintiff argues that we should not uphold the ALJ's decision to discount Dr. Kanoff's opinion that Diana was fully disabled for more than twelve months because the ALJ simply stated that the determination of disability was reserved to the Commissioner when he should have reviewed "all of the medical findings and other evidence that support a medical source's statement," 20 C.F.R. § 404.1527(e)(1); see also Adorno v. Shalala, 40 F.3d 43 47-48 (3d Cir. 1994) ("The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability [and then] weigh the relative worth of the treating physician's report against the reports of other physicians who examined the claimant.");

       (d)  But the ALJ did canvass the Dr. Kanoff's medical

---

[2]We have plenary review over the Commissioner's legal conclusions.  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

We review the Commisioner's findings of fact to see if they are supported by substantial evidence and will not disturb them if they are.  Id. Substantial evidence is more than a scintilla but may be less than a preponderance.  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  Though we may have reached a different decision, we cannot substitute it for a determination supported by substantial evidence.  Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).

findings, and discounted his February 24, 2006 opinion not simply because it was conclusory, but also because "Dr. Kanoff issued this opinion after more than two years had passed since seeing the claimant and the claimant might have improved with treatment and the passage of time," R. at 22; indeed, Dr. Warren's July 6, 2006, found her not quite as restricted, R. at 25, 126-31;

    (e)  Judge Wells appropriately determined that there was substantial evidence for the ALJ to discount Dr. Kanoff's opinion, and we approve and adopt Judge Wells's analysis;

    (f)  The plaintiff also contends that Judge Wells erred in accepting the ALJ's adverse credibility determination about Diana's testimony concerning her skin condition;

    (g)  Diana Palmer testified that she had a contagious skin condition, R. at 258; Dr. Gawchik, her allergist, observed during an August 14, 2006 visit that Diana Palmer had lesions on her arms, legs, and face, and diagnosed Diana with herpes simplex virus, R. at 24, 148; Dr. Gawchik stated in a response to an interrogatory that Diana's lesions were contagious until they dried up, R. at 177-78; the vocational expert stated Diana Palmer would be disabled if the vocational expert credited her testimony that her skin condition was contagious, R. at 260; the ALJ determined that he did not credit the extent to which Diana

testified about "the intensity, persistence and limiting effect of" her skin condition because she had no "emergency treatment or hospitalization... for her eczema," R. at 25;

 (h) Diana Palmer could be found disabled based on the contagiousness of her skin condition, and therefore the ALJ had a duty to explicitly consider the testimony and provide a valid reason for rejecting it, see <u>Adorno v. Shalala</u>, 40 F.3d 43, 48 (3d Cir. 1994);

 (i) The vocational expert was specifically concerned that a <u>contagious</u> skin condition would make Diana Palmer fully disabled; the lack of emergency treatment or hospitalization is not a valid reason for discrediting Palmer's testimony about the contagiousness of her skin condition because it does not address the issue of contagion;

 (j) We therefore depart from Judge Wells's analysis as it applies to the ALJ's credibility determination about Palmer's testimony and the contagiousness of her skin condition;

 It is hereby ORDERED that:

 1. The Report and Recommendation is APPROVED and ADOPTED IN PART;

 2. The plaintiff's request for review is GRANTED IN PART and DENIED IN PART;

       3.  The case is REMANDED to the Commissioner under the sixth sentence of 42 U.S.C. § 405(g) so that the Administrative Law Judge can conduct additional proceedings to reconsider plaintiff's residual functional capacity as regards all environmental restrictions set by Dr. Wilbert Warren and submit the appropriate hypothetical to the vocational expert, and to consider Diana L. Palmer's testimony about the contagiousness of her disease; and

       4.  The Clerk of Court shall CLOSE this case statistically.

                                      BY THE COURT:

                                      /s/ Stewart Dalzell, J.